UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

JEREMY SHANE FOGLEMAN,                                              PETITIONER

V.                                       CIVIL ACTION NO. 1:20-CV-12-HSO-RPM

EVAN HUBBARD,                                                       RESPONDENT

## REPORT AND RECOMMENDATION

### I.  INTRODUCTION

On January 13, 2020, petitioner Jeremy Shane Fogleman ("Fogleman" or "petitioner"), proceeding *pro se*, filed a writ for habeas corpus seeking immediate release from pretrial detention pursuant to 28 U.S.C. § 2241 ("Section 2241") and 28 U.S.C. § 2254 ("Section 2254"). Doc. [1]. On January 21, 2020, District Judge Halil S. Ozerden issued an order construing Fogleman's habeas petition as arising solely under Section 2241 because Fogleman was challenging his pretrial detention. *See* Doc. [5]. Liberally construing Fogleman's habeas petition, *Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), the Court understands the petitioner to be arguing that his First Amendment, Doc. [1], at 4; Sixth Amendment right to effective assistance of counsel, *id.*, at 28; Eighth Amendment, *id.*, at 26, 30; and, Due Process rights have been violated, *id.*, at 16, 18, 21, 30–32, 36. On March 9, 2020, respondent Evan Hubbard ("respondent") filed the present motion to dismiss in lieu of an Answer. *See* Doc. [11]. The present motion is unopposed.

1

## II.    FACTS

On August 1, 2016, the petitioner was indicted on various charges arising from his failure to stop pursuant to a law enforcement signal that resulted in a police chase and subsequent deadly crash that left one person dead and another person seriously injured. Doc. [11], Ex. A. The petitioner was charged with (i) felonious failure to stop a motor vehicle pursuant to a law enforcement officer's signal that resulted in the death of another person in Count I, Miss. Code. Ann. § 97–9–72(4); (ii) felonious failure to stop a motor vehicle pursuant to a law enforcement officer's signal that resulted in serious bodily injury to another person in Count II, Miss. Code. Ann. § 97–9–72(3); (iii) possession of a controlled substance in Count III, Miss. Code. Ann. § 41–29–139(c)(1) (collectively, "Multicount Indictment"); and (iv) perjury in Count IV, Miss. Code. Ann. § 97–9–59.[1] *See* Doc. [11], Ex. A.[2]

Thereafter, the petitioner pursued his state court remedies. The petitioner first filed a motion to quash the Multicount Indictment[3] and a "motion to strike stipulation in [sic] regards to the testimony of Officer Nicholas Guilliot [("Guilloit")], or in the alternative dismiss this charge." *See* Doc. [1], Ex. 1–P3. After the petitioner's motions were denied, he filed a motion for interlocutory appeal from the adverse pretrial rulings on his motions, which was denied. *See id.*, Ex. 1–P3.[4]

---

[1] Count IV was dismissed by the prosecution at some point prior to trial. *See* Doc. [11], Ex. D.
[2] Fogleman elected to represent himself in the underlying criminal case. However, Fogleman had his right to self-representation revoked during the trial. *Fogleman v. State*, No. 2020–KA–0260–COA, at *11–*12 (Miss. Ct. App. Jan. 12, 2021).
[3] In the petitioner's motion to quash, he argued that: (i) several procedural abnormalities occurred during his preliminary hearing in connection with the Multicount Indictment, Doc. [1], Ex. 1–P1, pg. 3, 6, 8–10; (ii) several motions that he filed were not decided in a timely fashion, *id.*, Ex. 1–P1, pg. 4, 10–19, 21–22; (iii) and there were various evidentiary issues, *id.*, Ex. 1–P1, pg. 5–7, 9, 19–23. He argued that these issues collectively rose to the level of a due process violation. *Id.*, Ex. 1–P1, pg. 23–26.
[4] In the underlying motion to strike, the petitioner claimed that he was "strong-armed" into signing a stipulation ("Guilloit Stipulation"), *id.*, Ex. 1–P3, pg. 51, 56–58, stating that Guilloit legally searched his vehicle after the crash and found narcotics in the center console, *id.*, Ex. 1–P1, pg. 33–34. The stipulation was sought because Guilloit was about to be deployed overseas. *Id.*, Ex. 1–P1, pg. 33. On appeal, the petitioner argued that failure to grant his motion amounted to a violation of his constitutional rights generally and due process rights in particular. *Id.*, Ex. 1–P3, pg. 8.

Additionally, the petitioner filed three petitions for writs of mandamus, dated October 25, 2018,[5] June 14, 2019,[6] and July 30, 2019,[7] with the Mississippi Supreme Court that were each subsequently denied. *Id.*, Ex. 2–4. On January 13, 2020, the petitioner filed the present pretrial habeas petition in this Court. Doc. [1]. Shortly thereafter, however, on February 13, 2020, the petitioner was convicted on all counts in the Multicount Indictment and sentenced to fifty years in prison without the possibility of parole. Doc. [11], Ex. D.

Following his conviction, the petitioner directly appealed his conviction to the Mississippi Court of Appeals. *See Fogleman v. State*, No. 2020–KA–0260–COA (Miss. Ct. App. Mar. 12, 2020). The petitioner raised five issues on direct appeal: (i) whether there was sufficient evidence to prove that Fogleman was guilty of felony evasion; (ii) whether the jury was properly instructed on the element of serious bodily injury in Count II; (iii) whether there was sufficient evidence presented to prove that the surviving victim suffered a "serious bodily injury;" (iv) whether methamphetamine was lawful seized from Fogleman's vehicle; and (v) whether the state trial court erred in revoking Fogleman's right to self-representation during the course of his trial. *See generally* Brief of Appellant, *Fogleman v. State*, No. 2020–KA–0260–COA (Miss. Ct. App. June 15, 2020). On January 12, 2021, the Mississippi Court of Appeals found in favor of the respondent

---

[5] In his first petition for a writ of mandamus ("First Mandamus Petition"), the petitioner raised several pretrial issues, such as lack of access to evidence, the existence of "falsified" evidence, apparent cover-ups, and being "strong-armed" into signing the Guilloit Stipulation. *Id.*, Ex. 3–P7, pg. 37–39. As relief, the petitioner sought, *inter alia*, for the Mississippi Supreme Court to move the trial date until a date after the petitioner viewed all discovery and require the trial court judge and others to comply with applicable ethical rules. *Id.*, Ex. 3–P7, pg. 79–80. On February 13, 2019, the Mississippi Supreme Court denied the First Mandamus Petition as moot.

[6] In his second petition for a writ of mandamus ("Second Mandamus Petition"), the petitioner raised substantially the same issues as in his First Mandamus Petition with certain new issues, such as "grossly un-noticed" hearings filled with bias and erroneous rulings as well as adverse rulings on other miscellaneous issues. *Id.*, Ex. 2–P2, pg. 3–4, 7, 9, 12, 14–16. As relief, the petitioner sought, *inter alia*, dismissal of the charges against him, police personnel records, exculpatory evidence, and the "correction" of erroneous trial court orders. *Id.*, Ex. 2–P2, pg. 17–20. On June 19, 2019, the Mississippi Supreme Court summarily dismissed his Second Mandamus Petition.

[7] In his third petition for a writ of mandamus ("Third Mandamus Petition"), the petitioner raised the issue of "judicial misconduct" and sought reversal of trial court decisions. *Id.*, Ex. 4–P2, pg. 1–3. On September 19, 2019, the Mississippi Supreme Court converted the petitioner's Third Mandamus Petition into a motion to reconsider his Second Mandamus Petition and summarily denied the motion.

on all issues and affirmed the petitioner's conviction. *Fogleman v. State*, No. 2020–KA–0260–COA, at \*40–\*41 (Miss. Ct. App. Jan. 12, 2021). Currently, it is unclear whether the petitioner will seek a rehearing with the Mississippi Court of Appeals. *See* M.R.A.P. 40(a); *McCalpin v. State*, 166 So.3d 24, 26 (Miss. 2013).

### III.   ARGUMENTS

The respondent brings three principle arguments in support of his motion to dismiss. First, the respondent argues that Fogleman's Section 2241 Petition is moot because he has been tried and convicted of the underlying charges. Doc. [11], at 2–5, Ex. D. Second, the respondent argues that the Court should convert Fogleman's Section 2241 petition into a Section 2254 petition pursuant to *Hartfield v. Osborne*, 808 F.3d 1066 (5th Cir. 2015). *Id.*, at 6–8. The respondent continues that Fogleman has not exhausted his posttrial state remedies and, therefore, the converted Section 2254 petition should be dismissed for failure to exhaust. *Ibid.* Finally, the respondent argues that several of the petitioner's allegations arise from conditions of confinement, not unlawful pretrial detention and should be dismissed as 42 U.S.C. § 1983 claims. *Ibid.*

### IV.   ANALYSIS

#### A.  Section 2241

Pursuant to Section 2241, a pretrial detainee can file a habeas petition. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973). In order to be eligible for pretrial habeas relief, "a petitioner must be 'in custody' and must have exhausted his available state remedies[.]" *Dickerson v. Louisiana*, 816 F.2d 220, 224–26 (5th Cir. 1987). Section 2241 itself contains the "in custody" requirement. 28 U.S.C. § 2241(c)(3). "The exhaustion doctrine is a judicially crafted instrument which reflects a careful balance between important interests of federalism and the need to preserve the writ of habeas corpus as a 'swift and imperative remedy in all cases of illegal

4

restraint or confinement.'" *Braden*, 410 U.S. at 490 (citations omitted). *See also Dickerson*, 816 F.2d at 225. The threshold analysis does not, however, terminate at this juncture. *Brown v. Estelle*, 530 F.2d 1280, 1282–83 (5th Cir. 1976). Generally speaking, "there is a distinction between a petitioner who seeks to 'abort a state proceeding or to disrupt the orderly functioning of state judicial processes' by litigating a . . . defense to a prosecution prior to trial, and one who seeks only to enforce the state's obligation to bring him promptly to trial." *Dickerson*, 816 F.2d at 226 (quoting *Brown*, 530 F.2d at 1282–83).

*After* a trial (or guilty plea) and conviction, however, there is no longer any *pre*trial habeas relief that a court can provide to a petitioner. *Thorne v. Warden, Brooklyn House of Det. of Men*, 479 F.2d 297, 299 (2d Cir. 1973). Instead, any attack on pretrial proceedings necessarily attacks the state conviction or sentence and is appropriately brought under Section 2254, *see Hartfield*, 808 F.3d at 1072–73; or is plainly inapplicable after a conviction, i.e. "enforc[ing] the state's obligation to bring . . . [the pretrial detainee] promptly to" a trial that has already concluded, *Dickerson*, 816 F.2d at 226 (quoting *Brown*, 530 F.2d at 1282–83). As such, the Fifth Circuit has recognized that a court can no longer provide Section 2241 relief to a petitioner after a conviction, which leaves the petitioner without standing and, thus, moots the Section 2241 petition. *See, e.g.*, *Yohey v. Collins*, 985 F.2d 222, 228–29 (5th Cir. 1993).[8]

Here, the petitioner filed a pretrial habeas corpus petition on January 13, 2020 under Section 2241 and Section 2254 after filing numerous trial-level motions, an interlocutory appeal, and three writs of mandamus addressing, *inter alia*, the claims in his present Section 2241 petition. Doc. [1]. On January 21, 2020, District Judge Ozerden construed the mixed *habeas corpus* petition as a

---

[8] This proposition is well-established. *See, e.g., Fassler v. United States*, 858 F.2d 1016, 1018 (5th Cir. 1988), *cert. denied*, 490 U.S. 1099 (1989); *see also Martinez v. Atkinson*, 678 F. App'x 218 (5th Cir. 2017); *Williamson v. Driver*, 386 F. App'x 491 (5th Cir. 2010); *United States v. Route*, 65 F. App'x 508 (5th Cir. 2003).

Section 2241 petition. Doc. [5]. On February 13, 2020, the petitioner was convicted on all charges challenged in the present Section 2241 petition and sentenced to fifty years in prison without the possibility of parole. Doc. [11], Ex. D. As such, the Court cannot provide the petitioner with relief under Section 2241. *Yohey*, 985 F.2d at 228–29. Insofar as the petitioner is bringing the present petition under Section 2241, the petition is moot and should be dismissed. *Ibid*.

### B.  Section 2254

Next, the Court turns to the question of converting Fogleman's Section 2241 petition into a Section 2254 petition. *See* Doc. [11], at 6–8. If there is a state court conviction during the pendency of a Section 2241 pretrial petition, the conviction typically converts the Section 2241 petition into a Section 2254 petition because the petitioner is "in custody pursuant to a state court judgment" and, as such, "any habeas writ that issues from a federal court at the present time would necessarily release him from custody pursuant to a state court judgment." *Hartfield*, 808 F.3d at 1073; *see also Wortham v. Goodwin*, No. 5:16–CV–339, 2016 WL 4083646, at *7 (W.D. La. July 12, 2016) ("Regardless of how they are phrased, [p]etitioner's claims are premised on purported errors that allegedly occurred in his underlying state criminal proceedings."), *report and recommendation adopted*, No. CV 16–0339–P, 2016 WL 4083475 (W.D. La. Aug. 1, 2016). Failure to inform a petitioner about such a conversion may, however, be considered a violation of *Castro v. United States*, 540 U.S. 375, 124 S.Ct. 786, 157 L.Ed.2d 778 (2003). *See Hopes v. Davis*, 761 F. App'x 307, 309–10 (5th Cir. 2019).

Several courts have declined to read *Hartfield* as a sweeping decision that requires conversion of *all* such Section 2241 petitions. *See*, *e.g.*, *Ashley v. Tuten*, No. CV 19–0201, 2019 WL 1102229 (W.D. La. Feb. 22, 2019), *report and recommendation adopted*, No. 3:19–CV–0201, 2019 WL 1102218 (W.D. La. Mar. 8, 2019); *Chadman v. Fowler*, No. 4:17–CV–703–O, 2018 WL 4051868

(N.D. Tex. Aug. 24, 2018). These courts refused to read *Hartfield* to require conversion when doing so would be an exercise in futility. *See Ashley*, 2019 WL 1102229, at *2 (reasoning that *Hartfield* does not apply to Section 2241 claims that cannot be reasonably construed as seeking to attack state conviction); *Chadman*, 2018 WL 4051868, at *3 n.1 (declining to convert Section 2241 petition into Section 2254 petition because conviction was already on direct appeal in state court). Indeed, *Hartfield* itself did not present a situation where construing the Section 2241 petition as a Section 2254 petition would be unquestionably futile—a material difference between *Hartfield* and the present case, *Chadman*, and *Ashley*. *Hartfield*, 808 F.3d at 1073 ("While Hartfield contended at oral argument that he can satisfy the [Section] 2254 exhaustion requirement by way of an exception, this issue was only cursorily briefed on appeal. Accordingly, we do not reach it today."). The Court finds these cases to be persuasive and applicable to the instant controversy.[9]

Here, the present case is similar to *Chadman*. The petitioner has not yet pursued the claims presently before this Court in state court. The claims are, therefore, unexhausted and may still be pursued on state collateral appeal. *See* Miss. Code. Ann. § 99–39–1, *et seq.* Therefore, any conversion to Section 2254 is unambiguously futile. *Chadman*, 2018 WL 4051868, at *3 n.1. The petitioner has not put forward any argument, let alone a colorable argument, to excuse application of the exhaustion requirement. *See* 28 U.S.C. § 2254(b)(1). For these reasons, the Court declines to convert the present case into a Section 2254 petition.

---

[9] Courts in other jurisdictions with precedent similar to that of the Fifth Circuit have also declined to convert when doing so would be unquestionably futile. *See*, *e.g.*, *Krithers v. Wojciechowski*, No. 17–CV–149 (PJS/SER), 2017 WL 4736694, at *4 (D. Minn. Sept. 21, 2017) (recommending dismissal for mootness because conviction already on appeal in state court), *report and recommendation adopted*, No. 17–CV–0149 (PJS/SER), 2017 WL 5891729 (D. Minn. Nov. 28, 2017).

## **RECOMMENDATION**

Based on the foregoing, the undersigned recommends that the respondent's motion to dismiss is granted.

## **NOTICE OF RIGHT TO APPEAL/OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court. A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that have been accepted by the district court and for which there is no written objection. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

**SO ORDERED AND ADJUDGED**, this the 15th day of January 2021.

/s/ *Robert P. Myers, Jr.*
ROBERT P. MYERS, JR.
UNITED STATES MAGISTRATE JUDGE