IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **JEREMY SHANE FOGLEMAN** § | | **PETITIONER** |
| § | | |
| § | | |
| v. § | | Civil No. 1:20cv12-HSO-RPM |
| § | | |
| § | | |
| **EVAN HUBBARD** § | | **RESPONDENT** |

**ORDER OVERRULING IN PART PETITIONER'S OBJECTIONS [27];
ADOPTING IN PART AND MODIFYING IN PART MAGISTRATE
JUDGE'S REPORT AND RECOMMENDATION [24]; AND
GRANTING IN PART AND DENYING IN PART WITHOUT PREJUDICE
RESPONDENT'S MOTION TO DISMISS [11]**

This matter comes before the Court on Petitioner Jeremy Shane Fogleman's Objections [27] to the Report and Recommendation [24] of United States Magistrate Judge Robert P. Myers, Jr., entered in this case on January 15, 2021, and on Respondent Evan Hubbard's Motion to Dismiss [11] filed on March 9, 2020.

After due consideration of the Motion to Dismiss [11], Petitioner's Response [25], the Magistrate Judge's Report and Recommendation [24], Petitioner's Objections [27], the record, and relevant legal authority, the Court finds that Petitioner's Objections [27] should be overruled in part and sustained in part, that the Magistrate Judge's Report and Recommendation [24] should be adopted in part and modified in part, and that Respondent's Motion to Dismiss [11] should be granted in part and denied in part without prejudice. The Petition for Writ of Habeas Corpus [1] should be dismissed without prejudice in part to the extent it relates to the charges contained in Counts I, II, and III of the Indictment against

Petitioner in Harrison County Circuit Court Cause No. B2401-16-495 (the "Indictment"). *See* Ex. [12-5] at 252-54. The Petition [1] shall remain pending at this time to the extent it relates to the perjury charge in Count IV of the Indictment.

## I. BACKGROUND

On August 1, 2016, a grand jury returned a four-count Indictment against Petitioner Jeremy Shane Fogleman ("Petitioner") in case number B2401-16-495 in the Circuit Court of Harrison County, Mississippi, First Judicial District (the "Circuit Court"). *See* R. [12-5] at 252-54. Counts I and II related to a July 8, 2015, motor vehicle collision occasioned by Petitioner's vehicular flight from a law enforcement officer, in violation of Mississippi Code §§ 97-9-74(4) (Count I) and 97-9-72(3) (Count II). Count III charged Petitioner with possession of a controlled substance in violation of Mississippi Code § 41-29-139(c)(1) (Count III), *see id.* at 252-53, and Count IV charged Petitioner with perjury in violation of Mississippi Code § 97-9-59 in connection with events that occurred on or about February 17, 2016, at Petitioner's preliminary hearing before the Harrison County Justice Court, *see id.* at 253.

While these charges were pending in state court, on or about January 10, 2020, Petitioner submitted for mailing a Petition for Writ of Habeas Corpus [1] under "28 U.S.C. § 2241 and/or 28 U.S.C. § 2254" which was docketed by the Clerk of this Court on January 13, 2020. Pet. [1] at 1, 37. Petitioner alleged that he had been confined as a pretrial detainee since July 8, 2015, at the Harrison County

Adult Detention Center.  *See id.* at 6.

Because it appeared that Petitioner was challenging his pre-trial detention, the Court entered an Order [5] construing the Petition [1] as seeking relief under 28 U.S.C. § 2241, and the Magistrate Judge directed Petitioner to submit a petition on the appropriate forms for persons seeking habeas corpus relief under § 2241.  *See* Order [5] at 1-2; Order [7] at 1.  Petitioner filed an Amended Petition [8] on February 3, 2020, which essentially referred to his original Petition.  *See* Am. Pet. [8] at 1-7.  The Amended Petition did clarify that Petitioner's habeas claims related to the Indictment and the charges that were pending in the state court criminal case.  *See id.* at 2.

On or about February 4, 2020, a jury convicted Petitioner of the crimes charged in Counts I, II, and III of his criminal case, but it is unclear whether or how the perjury charge in Count IV was resolved.  *See* Ex. [11-4] at 1-3 (Final Judgment as to Counts I, II, and III); Ex. [25-23] at 1 (showing disposition of charges as "JURY VERDICT GUILTY" for Counts I, II, and III, but revealing no disposition as to the perjury charge in Count IV); *see also Fogleman v. State*, No. 2020-KA-00260-COA, 2021 WL 98840, at *1 n.1 (Miss. Ct. App. Jan. 12, 2021) (stating without referring to a specific record citation that "[t]he district attorney did not pursue the perjury charge").  The Circuit Court sentenced Petitioner as a habitual offender to a term of 40 years imprisonment as to Count I, 10 years as to Count II, and three years as to Count III.  *See* Ex. [11-4] at 2-3.  The Circuit Court ordered the sentences for Counts I and III to run concurrently with one another, but consecutive

to the sentence for Count II, for a total of 50 years to serve, without the hope of parole or probation.  *See id.*

In this case, Respondent filed a Motion to Dismiss [11] on March 9, 2020, arguing that Petitioner had been convicted of the charges he was challenging, rendering his § 2241 action moot.  *See* Mot. [11] at 3-4, 8.  Respondent contended that to the extent the Court were to construe the Petition as one filed pursuant to 28 U.S.C. § 2254, it was subject to dismissal for failure to exhaust state court remedies.  *Id.* at 6-8.

Petitioner sought and received two rather lengthy extensions of time to respond to the Motion to Dismiss.  Ultimately the Response was due by January 5, 2021.  *See* Dec. 11, 2020, Text Order.  No Response was received by that deadline, and on January 15, 2021, the Magistrate Judge entered a Report and Recommendation [24] recommending that the Motion to Dismiss [11] be granted. *See* R. & R. [24] at 8.  Nearly two weeks later, on January 27, 2021, the Clerk of Court received and docketed a Response [25] from Petitioner, which he purportedly signed on January 5, 2021.  *See* Resp. [25] at 15.[1]  Petitioner has also filed Objections [27] to the Report and Recommendation [24], which were mailed on February 19, 2021, but not received and docketed by the Clerk of Court until March 1, 2021.

---

[1]  Petitioner is adamant that his Response was timely even though it was postmarked on January 25, 2021, *see* Objs. [27] at 1-2, and he has submitted a mail log attempting to establish that the Response was in fact mailed on January 5, 2021, *see* Ex. "A" [27-1] at 1. Regardless of whether the Response was timely, the result here would not change, as the Magistrate Judge's Report and Recommendation [24] considered the Motion to Dismiss [11] on its merits.

4

On March 8, 2021, Respondent filed a Response [28] in opposition to Petitioner's Objections [27]. Respondent attaches an Order from the Circuit Court also dated March 8, 2021, which states that "the State of Mississippi passes Count(s) IV ONLY . . . to the files . . . [d]ue to Defendant's convictions" in the criminal case. Ex. [28-1] at 1.

## II.   DISCUSSION

A.   Standard of review

Because Petitioner has filed written Objections [27] to the Magistrate Judge's Report and Recommendation [24], the Court "make[s] a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). Under a de novo review, the district court makes its "own determination based upon the record and unrestrained by the findings and conclusions of the magistrate." *United States v. Wilson*, 864 F.2d 1219, 1222 (5th Cir. 1989). In conducting a de novo review, however, the Court is not "required to reiterate the findings and conclusions of the magistrate judge." *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993).

Having conducted the required review, the Court concurs with the conclusions reached by the Magistrate Judge with respect to Counts I, II, and III of the Indictment in Petitioner's criminal case. The record conclusively establishes that Petitioner was found guilty of the charges contained in Counts I, II, and III, and thus he is no longer a pretrial detainee as to those charges. Instead, Petitioner is now in custody pursuant to the judgment of a state court, and § 2254 governs his

claims as to Counts I, II, and III. *See Hartfield v. Osborne*, 808 F.3d 1066, 1072-73 (5th Cir. 2015) (holding that, once a petitioner has been convicted in state court, any writ of habeas corpus granted by a federal court would necessarily free him from custody pursuant to a state court judgment, implicating 28 U.S.C. § 2254).

B.  Analysis

To the extent § 2254 applies, Plaintiff is required to exhaust his available state remedies before pursuing habeas relief in this Court, and the record is beyond dispute that Petitioner has not satisfied § 2254's exhaustion requirement with respect to his convictions and sentences arising out of Counts I, II, and III of the Indictment. *See id.* at 1073. Petitioner's Objections to that part of the Report and Recommendation finding his § 2241 Petition moot as to the charges contained in Counts I, II, and III will be overruled, and Respondent's Motion to Dismiss [11] will be granted in part to this extent. The Petition will be dismissed without prejudice as it relates to Counts I, II, and III.

With respect to Petitioner's allegations pertaining to the charge contained in Count IV of the Indictment, the record is unclear whether § 2254 applies or whether the Petition is clearly moot. *See* Ex. [11-4] at 1-3; Ex. [25-23] at 1; Ex. [28-1] at 1; *Fogleman*, 2021 WL 98840, at *1 n.1; *see also* Obj. [27] at 2 (stating that "Count IV was not dismissed," and that "Count IV was severed on November 14, 2018, and is still pending"). Petitioner represents that he "currently has a detainer on him at M.D.O.C." as to Count IV. *See* Obj. [27] at 2.

Respondent now presents evidence that the State has passed Count IV to the

6

files, but he has not adequately briefed whether being "passed to the files" finally disposes of the charge or how it renders the Petition moot. Respondent cites a dissenting opinion from a Mississippi Supreme Court decision for the proposition that passing a charge to the files operates as a dismissal without prejudice. *See* Resp. [28] at 8 (citing *Flynt v. State*, 183 So. 3d 1, 17 (Miss. 2015) (Kitchens J., dissenting)). However, that same dissent states in the preceding sentence that "[a] prosecutor's decision to pass a case to the circuit court's files, in effect, holds the indictment in abeyance or acts as a dismissal without prejudice." *Flynt*, 183 So. 3d at 17 (Kitchens J., dissenting). The effect of passing the charge to the file under the circumstances of this case remains unclear. To the extent Count IV is held in abeyance, Respondent has not adequately shown that this would moot the § 2241 Petition. Nor has Respondent cited any authority addressing whether passing a charge to the file automatically nullifies the detainer of which Petitioner complains. Respondent has not adequately briefed these issues.

Based upon the current record, it is not clear whether § 2254 would apply to Count IV. *See Hartfield*, 808 F.3d at 1072-73; *see also, e.g., Weeks v. Mississippi*, 689 F. App'x 297, 297 (5th Cir. 2017) (holding that "a § 2241 petition is the proper vehicle for challenging [a] Mississippi detainer"). The Court will sustain Petitioner's Objections in part to the extent he argues that his Petition is not moot as to Count IV. The Report and Recommendation recommending dismissal for failure to exhaust under § 2254 as to Count IV will be modified, and Respondent's Motion to Dismiss [11] will be denied in part without prejudice at this time to the

7

extent it seeks dismissal of the § 2241 Petition as to Count IV. Respondent may re-urge its Motion to Dismiss [11] as to Count IV, with citation to relevant authority and evidence, if it believes dismissal of this part of the Petition is also warranted.

### III. CONCLUSION

The Court will overrule in part and sustain in part Petitioner's Objections [27], adopt in part and modify in part the Magistrate Judge's Report and Recommendation [24], and grant in part and deny in part without prejudice Respondent's Motion to Dismiss [11]. The Petition for Writ of Habeas Corpus will be dismissed in part without prejudice to the extent it seeks habeas relief as to Counts I, II, and III of the Indictment in Harrison County Circuit Court Cause No. B2401-16-495.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Report and Recommendation [24] of United States Magistrate Judge Robert P. Myers, Jr., entered in this case on January 15, 2021, is **ADOPTED IN PART and MODIFIED IN PART**, as stated herein.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Respondent Warden Evan Hubbard's Motion to Dismiss [11] filed on March 9, 2020, is **GRANTED IN PART** as to Counts I, II, and III of the Indictment in Harrison County Circuit Court Cause No. B2401-16-495, and **DENIED IN PART WITHOUT PREJUDICE** as to Count IV.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Petitioner Jeremy Shane Fogleman's Petition for Writ of Habeas Corpus is **DISMISSED IN PART**

**WITHOUT PREJUDICE** to the extent it seeks habeas relief as to Counts I, II, and III of the Indictment in Harrison County Circuit Court Cause No. B2401-16-495 for failure to exhaust available state court remedies. Petitioner's § 2241 claims with respect to Count IV will proceed at this time. Respondent may reurge a dispositive motion with respect to Count IV with the appropriate citations to relevant legal authority.

**SO ORDERED AND ADJUDGED**, this the 9th day of March, 2021.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE