IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **JEREMY SHANE FOGLEMAN** | § | **PETITIONER** |
| | § | |
| v. | § | Civil No. 1:20cv12-HSO-RPM |
| | § | |
| **EVAN HUBBARD** | § | **RESPONDENT** |

**ORDER DENYING PETITIONER'S MOTION [42] TO STAY STATE PROCEEDINGS; DENYING PETITIONER'S SECOND MOTION [48] FOR EXTENSION OF TIME TO RESPOND TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [45]; OVERRULING RESPONDENT'S PARTIAL OBJECTION [47] TO REPORT AND RECOMMENDATION [45]; ADOPTING REPORT AND RECOMMENDATION [45]; AND GRANTING RESPONDENT'S MOTION [30] TO DISMISS**

BEFORE THE COURT are: (1) Petitioner Jeremy Shane Fogleman's Motion [42] to Stay State Proceedings; (2) Petitioner's Second Motion [48] for Extension of Time to Respond to the Report and Recommendation [45] of United States Magistrate Judge Robert P. Myers, Jr.; (3) Respondent Evan Hubbard's Partial Objection [47] to the Report and Recommendation [45]; and (4) Respondent Evan Hubbard's Motion to Dismiss [30].

After due consideration of the record and relevant legal authority, the Court finds that Petitioner's Motion [42] to Stay State Proceedings and his Second Motion [48] for Extension of Time should be denied; that Respondent's Partial Objection [47] should be overruled; that the Magistrate Judge's Report and Recommendation [45] should be adopted; and that Respondent's Motion to Dismiss [30] should be granted.   In accordance with this Order and the Court's March 9, 2021, Order [29],

the Court finds that the Petition for Writ of Habeas Corpus should be dismissed.

## I. BACKGROUND

A more detailed background of this matter is set forth in the Court's March 9, 2021, Order [29], which the Court adopts and incorporates by reference. In this habeas Petition brought by Petitioner Jeremy Shane Fogleman ("Fogleman" or "Petitioner"), he challenges a four-count Indictment brought against him in case number B2401-16-495 in the Circuit Court of Harrison County, Mississippi, First Judicial District (the "Circuit Court"). Because Petitioner is essentially challenging his pretrial detention for those then-pending criminal charges, the Court construed the habeas Petition as one pursuant to 28 U.S.C. § 2241. *See* Order [5] at 1-2.

After the Magistrate Judge directed Petitioner to submit the appropriate forms for persons seeking habeas corpus relief under § 2241, *see* Order [7] at 1, Petitioner filed an Amended Petition [8] on February 3, 2020, which essentially referred to his original Petition, *see* Am. Pet. [8] at 1-7.[1] Petitioner asks the Court to dismiss all four of the charges that were pending against him at that time. *See* Pet. [1] at 34; *see also* Am. Pet. [8] at 7 (stating as his request for relief that he wants the Court to bring to the "surface all issues and correct as outlined in original petition filed 1/13/2020").

On or about February 4, 2020, a jury in state court convicted Petitioner of the crimes charged in Counts I, II, and III of his criminal case, and he was sentenced by

---

[1] The Court will refer to the original Petition [1] and Amended Petition [8] collectively as Fogleman's Petition for Writ of Habeas Corpus.

2

the Circuit Court.  *See, e.g.,* Ex. [11-4] at 1-3; Ex. [25-23] at 1; *see also Fogleman v. State*, 311 So. 3d 1221, 1226 n.1 (Miss. Ct. App. 2021) ("The district attorney did not pursue the perjury charge.").  Respondent then filed a Motion to Dismiss [11] in this case, arguing that because Petitioner had been convicted of the charges he was challenging, his § 2241 action was moot.  *See* Mot. [11] at 3-4, 8.  The Court granted in part and denied in part Respondent's Motion to Dismiss [11] and dismissed the Petition without prejudice "to the extent it seeks habeas relief as to Counts I, II, and III of the Indictment in Harrison County Circuit Court Cause No. B2401-16-495 for failure to exhaust available state court remedies."  Order [29] at 9.  Because the disposition of Count IV remained unclear, the Court determined that the "§ 2241 claims with respect to Count IV would proceed" but stated that "Respondent may reurge a dispositive motion with respect to Count IV with the appropriate citations to relevant legal authority."  *Id.*

On March 17, 2021, Respondent filed a new Motion to Dismiss [30] as to the perjury charge contained in Count IV.  *See* Mot. [30].  Respondent states that the perjury charge was "passed to the files" in the Circuit Court, *see id.* at 3 n.3, 7, such that "there is currently no active or pending prosecution of the perjury charge," *id.* at 8, and that Harrison County "no longer has a detainer lodged against Fogleman for his perjury charge in Count IV," *id.*   Therefore, Respondent takes the position that Petitioner's challenge to Count IV is moot.  *See id.* at 9, 11-12.

To the extent the Court were to find that Count IV is not moot, Respondent points out that Petitioner's request for relief is for the Court to dismiss the charges

against him, such that no federal habeas relief can be granted. *See id.* at 12-15. Respondent contends that the Petition should be dismissed with prejudice for failure to state a claim upon which § 2241 habeas relief may be granted. *See id.* Finally, to the extent Petitioner seeks relief concerning his conditions of confinement at the Harrison County Adult Detention Center, Respondent submits that these claims are more properly brought under 42 U.S.C. § 1983, are not proper claims for habeas relief, and should be dismissed with prejudice. *See id.* at 15-16.

Petitioner filed four Motions [32], [33], [37], [39] for Extensions of Time to respond to the Motion [30] to Dismiss, and the Magistrate Judge afforded him additional time on each request. *See* Text Order, Apr. 2, 2021; Order [36]; Order [38]; Order [40]. Ultimately, Petitioner's Response to the Motion [30] to Dismiss was due by December 31, 2021, *see* Order [40] at 3, which was over nine months after the Motion [30] had been filed, *see* Mot. [30]. While Petitioner signed his Response [41] on that December 31, 2021, deadline, the accompanying Certificate of Service was dated four days later, on January 4, 2022, after his deadline. *See* Resp. [41] at 7-8; Order [40] at 3. The Response was received and docketed by the Clerk of Court on January 10, 2022. *See* Env. [41-16] at 1. Despite the untimely nature of the filing, the Magistrate Judge considered Petitioner's Response [41] in making his Report and Recommendation [45]. *See* R.& R. [45] at 4 n.3.

According to Petitioner's Response [45], passing the charge in Count IV to the file was not a disposition of the charge, and that, if he "ever gets any relief on Counts I-III, he will be tried on Count IV." Resp. [41] at 1. Petitioner maintains

4

that "Count IV is not completely disposed of and therefore the Petitioner's 28 U.S.C. § 2241 Petition is not moot. *Id.* at 7. Petitioner also asks that the Court issue an Order "staying any and all state proceedings until final resolution of his Petition." *Id.* In light of this request, the Clerk of Court also docketed Petitioner's Response [41] as a Motion [42] to Stay Proceedings, which Respondent has opposed. *See* Resp. [44].

On January 15, 2022, the Magistrate Judge entered his Report and Recommendation [45]. He determined that under Mississippi law, passing an indictment to the files does not operate as a dismissal of the indictment and does not, without more, completely extinguish an active criminal case or controversy. *See* R. & R. [45] at 5-12. For this reason, the Magistrate Judge concluded that the § 2241 habeas Petition was not moot as to Count IV. *See id.* However, the Magistrate Judge observed that Petitioner was seeking to abort a state proceeding, rather than bring Count IV to trial, which requires Petitioner to show that "special circumstances" exist and to demonstrate the justification for application of an exception warranting federal court interference. *Id.* at 12-14. The Magistrate Judge found that Petitioner had presented no such evidence and that Respondent's Motion to Dismiss should be granted. *See id.* at 14-17. The Magistrate Judge recommended dismissal without prejudice of any § 1983 claims Petitioner might be advancing. *See id.* at 17.

On February 8, 2022, Respondent submitted a Partial Objection [47] to the Report and Recommendation [45], agreeing with the vast majority of the Magistrate

5

Judge's findings, but objecting "to the Magistrate Judge's disposition of Respondent's mootness argument." Obj. [47] at 2. Respondent attempts to "clarify his mootness argument and to seek further review of that argument," *id.* at 3, and insists that passing a charge to the files means that there is not an ongoing state criminal proceeding against Petitioner, which equates to a dismissal without prejudice of Count IV, *see id.* at 3-4. Because there is no active or pending criminal prosecution on that charge, and because Harrison County no longer has a detainer lodged against Petitioner, Respondent insists that the Petition is moot as to Count IV. *See id.* at 5-6. According to Respondent, in light of Petitioner's "release" from that charge, there is no longer a case or controversy before the Court under Article III, § 2, of the Constitution, rendering Petitioner's challenge to Count IV moot. *See id.* at 6-9.

Petitioner has not filed any objections to the Report and Recommendation [45]. On February 7, 2022, Petitioner filed a Motion [46] for Extension of Time to File Objections to the Report and Recommendation [45]. Because the Court found Petitioner's request to be excessive, it granted the Motion [46] in part and denied it in part and afforded Petitioner until February 25, 2022, to file any objections. *See* Text Order, Feb. 8, 2022. The Court cautioned that "**[n]o further extensions of time will be permitted.**" *Id.* (emphasis in original).

Petitioner did not file any objections by the Court's deadline, and on March 4, 2022, the Clerk of Court docketed a Second Motion [48] for Extension of Time to File Objections filed by Petitioner. This Motion [48] remains pending. According to

6

the Certificate of Service accompanying the Second Motion [48], Petitioner "served" the document upon the Clerk on February 25, 2021, *see* Mot. [48] at 3, and he asks for the Court to grant him "a final extension to file" any objections until March 4, 2021, *id.* at 2. To date, even well after the new deadline Petitioner requested, the Court has not received any objections from him.

## II. DISCUSSION

A. Petitioner's Motion [42] to Stay State Proceedings

Petitioner asks the Court to stay state court proceedings, requesting that "if his 28 U.S.C. § 2241 Petition proceeds that this Honorable Court issue an Order staying any and all state proceedings until final resolution of his Petition." Mot. [42] at 7. Because the Court will dismiss the § 2241 habeas Petition, this request is moot. Moreover, even on the merits, the Court finds that the request to stay state proceedings is not well taken, and that Petitioner's Motion [42] should be denied.

B. Petitioner's Second Motion [48] for Extension of Time to File Objections

Even though Petitioner had already received one extension of time to file Objections to the Magistrate Judge's Report and Recommendation [45] and was concomitantly warned that "**[n]o further extensions of time will be permitted**," Text Order, Feb. 8, 2022, he seeks yet another extension, *see* Mot. [48]. With the numerous extensions previously granted throughout this case, Petitioner has had an inordinate amount of time to brief the issues presented in Respondent's Motion [30] to Dismiss, and has filed a substantive Response [41] in opposition to the Motion [30]. Respondent's Motion [30] has been pending for approximately one

year, and the vast majority of that delay is attributable to Petitioner.  *See, e.g.,* Mots. [32], [33], [37], [39], [46] (Petitioner's requests for additional time).

The Court and the public have an interest in the timely resolution of proceedings such as this one, and Petitioner has had ample time to brief the issues presented in Respondent's Motion [30] to Dismiss.  Moreover, Petitioner's position and arguments in opposition to the Motion [30] are already before the Court.  For all of these reasons, Petitioner's Second Motion [48] for Extension of Time to File Objections is not well taken and will be denied.

The Court further notes that the deadline Petitioner requests in his Second Motion [48] for Extension of Time to File Objections was March 4, 2021.  *See* Mot. [48] at 2.  That date has now passed, and Petitioner still has not filed any objections.  The record evidences Petitioner's continued, perpetual delay in this case, and his Second Motion [48] for Extension of Time to File Objections should be denied for this reason as well.

C.  Magistrate Judge's Report and Recommendation

1.  Standard of review

Because Respondent has filed a written Objection [47] to the Magistrate Judge's Report and Recommendation [45], the Court "make[s] a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  Under a de novo review, the district court makes its "own determination based upon the record and unrestrained by the findings and conclusions of the magistrate."  *United States*

*v. Wilson*, 864 F.2d 1219, 1222 (5th Cir. 1989). In conducting a de novo review, however, the Court is not "required to reiterate the findings and conclusions of the magistrate judge." *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993). As for the portions of the Report and Recommendation [45] to which there are no objections, the Court applies "the clearly erroneous, abuse of discretion and contrary to law standard of review." *Wilson*, 864 F.2d at 1221 (quotation omitted).

2. <u>Analysis</u>

The sole Objection lodged in this case is Respondent's assertion that the Magistrate Judge erred in not granting Respondent's Motion to Dismiss as to its mootness argument. *See* Obj. [47] at 2. Because there is no active or pending criminal prosecution on Count IV, and because Harrison County no longer has a detainer lodged against Petitioner for that charge,[2] Respondent insists that the Petition is moot as to Count IV. *See id.* at 5-6. Respondent essentially reiterates his arguments on this issue contained in his Motion [30] to Dismiss. *See id.* Respondent also points out that, in his Motion [30] to Dismiss, he "did not intend to suggest that an indictment that was *dismissed*, as opposed to passed to the files,

---

[2] Respondent represents that "Harrison County no longer has a detainer lodged against Fogleman for his perjury charge in Count IV of his indictment" but cites no record evidence to support this assertion. Mot. [30] at 8. Respondent's counsel merely states that she was "advised" of such "by officials of the Mississippi Department of Corrections (MDOC) and Harrison County." *Id.* Respondent has not cited any competent evidence that tends to show that there is no longer a detainer lodged against Petitioner as to Count IV. *See, e.g., Huawei Techs. Co. v. T-Mobile US, Inc.*, No. 2:16cv52-JRG-RSP, 2017 WL 11638984, at *3 (E.D. Tex. Sept. 29, 2017) (recognizing that "courts are reluctant to admit attorney statements as evidence, limiting their admissibility, for example, to clear and unambiguous admissions of fact") (quotation omitted).

9

could be revived on a motion," but merely "acknowledged that the State could motion to bring an *inactive* indictment back to the active docket." *Id.* at 4 (emphasis in original).

It appears to the Court that Respondent misconstrues the Magistrate Judge's findings in the Report and Recommendation [45], but it need not resolve the Objection [47] in order to rule on Respondent's Motion [30] to Dismiss. Respondent focuses on why the Magistrate Judge recommends the Petition be dismissed, rather than whether it should be dismissed, which is the ultimate issue. The Magistrate Judge found only one of Respondent's two arguments for dismissal to be meritorious. The Objection [47] focuses on the argument that the Magistrate Judge rejected (that the Petition is moot as to Count IV because there is no active or pending criminal prosecution on that charge, and because Harrison County no longer has a detainer lodged against Petitioner), but because the Court finds dismissal would be appropriate based upon an argument of Respondent's that the Magistrate Judge adopted (that the Petition should be dismissed because it only seeks to abort or disrupt state proceedings without showing "special circumstances"), it need not address the argument he found to be unmeritorious.

Simply put, the result would be the same whether the Court overruled the Objection [47] or sustained it. Having conducted the appropriate de novo review of this portion of the Report and Recommendation [45], the Court finds that the Respondent's Partial Objection [47] is itself moot and should be overruled.

As for the remainder of the Magistrate Judge's Report and Recommendation [45] to which there is no objection, the Court has conducted the required review and concurs with the conclusions reached by the Magistrate Judge. *See* R. & R. [45]. The record is clear that Petitioner seeks dismissal of the remaining charge against him in Count IV of the indictment, not to be brought to trial on it. *See* Pet. [1] at 34; *see also* Am. Pet. [8] at 7.

The Fifth Circuit distinguishes between

> a petitioner who seeks to abort a state proceeding or to disrupt the orderly functioning of state judicial processes by litigating a speedy trial defense to a prosecution prior to trial, and one who seeks only to enforce the state's obligation to bring him promptly to trial.

*Dickerson v. State of La.*, 816 F.2d 220, 226 (5th Cir. 1987) (quotation omitted). In the former situation, such as the case here, an attempt to dismiss an indictment before trial "is normally not attainable through federal habeas corpus," *id.* (quotation omitted), but "federal habeas is available to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction if 'special circumstances' exist," *id.* at 226-27 (citing *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 490 (1973)). Petitioner has not shown any such "special circumstances" that would warrant the Court's immediate intervention. *See id.* The Court will therefore adopt the Magistrate Judge's Report and Recommendation [45] as the finding of the Court, grant Respondent's Motion [30] to Dismiss, and dismiss the habeas Petition.

To the extent Petitioner raises claims arising under 42 U.S.C. § 1983 in this habeas case, the Magistrate Judge recommends that they be dismissed without

prejudice. *See* R. & R. [45] at 17. The Court agrees. As Respondent points out in his Motion [30] to Dismiss, Petitioner raises various complaints regarding the conditions of his confinement. *See* Mot. [30] at 15. Rather than assume that Petitioner is inclined to pay the fees associated with filing a civil rights case, the Court will dismiss any § 1983 claims without prejudice and will direct the Clerk of Court to mail Petitioner the appropriate forms for filing a civil rights action under § 1983, if he wishes to pursue a challenge to the conditions of his confinement. *See, e.g., Lineberry v. United States*, 380 F. App'x 452, 453 (5th Cir. 2010) (holding that when a petitioner challenged conditions of confinement that, even if proved to be true, would not result in his accelerated release, "[t]he district court correctly dismissed these claims without prejudice based on a determination that [the petitioner] must seek such remedies in a civil rights action").

### III.   CONCLUSION

For the reasons stated herein, the Court will deny Petitioner's Motion [42] to Stay State Proceedings and Second Motion [48] for Extension of Time, overrule Respondent's Partial Objection [47] to the Magistrate Judge's Report and Recommendation [45], adopt the Report and Recommendation [45], grant Respondent's Motion to Dismiss [30], and dismiss Petitioner's habeas Petition.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Petitioner Jeremy Shane Fogleman's Motion [42] to Stay State Proceedings and his Second Motion [48] for Extension of Time to Respond to the Report and Recommendation [45] are **DENIED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Respondent Evan Hubbard's Partial Objection [47] to the Report and Recommendation [45] is **OVERRULED**, and the Report and Recommendation [45] of United States Magistrate Judge Robert P. Myers, Jr., entered in this cause on January 25, 2022, is **ADOPTED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Respondent Warden Evan Hubbard's Motion to Dismiss [30] filed on March 17, 2021, is **GRANTED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, in accordance with this Order and the Order [29] entered on March 9, 2021, Petitioner Jeremy Shane Fogleman's Petition for Writ of Habeas Corpus is **DISMISSED WITHOUT PREJUDICE**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the Clerk of Court shall mail the United States Courts' form "Complaint for Violation of Civil Rights (Prisoner)" to Jeremy Shane Fogleman at his address of record.

**SO ORDERED AND ADJUDGED**, this the 11th day of March, 2022.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE